IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. HALLEY O'BRIEN THOMPSON

**Direct Appeal from the Circuit Court of Chester County**
**No. 3445, J. Franklin Murchison, Judge**

_____

**No. W2000-00315-CCA-RM-CD - Decided April 27, 2000**

_____

The defendant, Halley O'Brien Thompson, appealed this court's determination that he was not denied his right to testify by his decision not to take the stand on his own behalf based upon alleged comments that the jury was ready to go home. The Tennessee Supreme Court remanded for consideration in light of Napoleon Momon v. State, No. E1996-00007-SC-R11-PC, Hamilton County (Tenn. Nov. 15, 1999) (for publication). We hold that the defendant's decision not to testify was voluntary.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

TIPTON, J., delivered the opinion of the court, in which SMITH, J., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal) and George Morton Googe, District Public Defender and Pamela J. Drewery, Assistant Public Defender, Jackson, Tennessee (at trial) for the appellant, Halley O'Brien Thompson.

John Knox Walkup, Attorney General and Reporter; William David Bridgers, Assistant Attorney General; James G. Woodall, District Attorney General; and Donald H. Allen, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

The Tennessee Supreme Court remanded this case to us for reconsideration of our prior holding regarding the denial of the defendant's right to testify in light of Napoleon Momon v. State, No. E1996-00007-SC-R11-PC, Hamilton County (Tenn. Nov. 15, 1999) (for publication). The defendant, Halley O'Brien Thompson, was convicted of first degree murder, attempted voluntary manslaughter, a Class D felony, and possession of a deadly weapon during the commission of a felony offense, a Class E felony. The trial court imposed concurrent sentences of life imprisonment, four years and two years respectively as a Range I, standard offender, all to be served in the Department of Correction. We previously held that the trial court had no duty to advise a defendant of his right to testify or to establish for the record that he knowingly, voluntarily, and intelligently waived this right. State v. Halley O'Brien Thompson, No. 02C01-9602-CC-00056, Chester County, slip op. at 11 (Tenn. Crim. App. Oct. 2, 1997). We concluded that the record did not support the

defendant's claim that he was dissuaded from testifying by the trial court's and an officer's comments that the jury was ready to go home. Slip op. at 12. We further held that even assuming that these comments were made, the defendant failed to show how the comments rendered his decision not to testify involuntary. Slip op. at 12. In <u>Momon</u>, our supreme court held that a defendant's waiver of his right to testify would no longer be presumed from a silent record and that the trial court must hold a jury-out hearing in which defense counsel questions the defendant on whether his waiver of his right to testify is knowing, voluntary, and intelligent. Slip op. at 14. The court held that a denial of the right to testify is subject to a constitutional harmless error analysis. Slip op. at 22.

In the present case, the defendant did not testify at trial. At the sentencing hearing, when asked by his attorney if he had anything else that he wanted to say to the trial court, the defendant replied, "I want to testify in my own behalf. I would have testified in my own behalf, but during the process of the trial, I was told that the jury was ready to go home. That's why I did not take the stand." The defendant said that the trial judge returned to the courtroom from a recess and made the comment that the jury was ready to go home. He said that he thought the judge was speaking to the attorneys. The defendant said that he shot the victims in self-defense.

At the hearing on the motion for a new trial, the defense counsel argued that on the last day of the trial, the defendant was given the impression that the jury wanted the trial to be over. Defense counsel stated that during a recess, the sheriff made a comment about the jury wanting to finish the trial. She said that also during a recess, the trial court implied that the jury was tired and ready to go home. The state argued that any statements that the jury was ready to leave did not affect the defendant's decision not to testify. At this point, the court commented: "I would certainly hope that he didn't refrain from testifying because of that. [The trial] could have gone over until Monday–whatever it took to finish that case." The trial court denied the motion for a new trial.

The defendant contends that he was deprived of his constitutional right to testify in his own behalf. He argues that although the record is not clear on precisely what the trial court or the sheriff said regarding the jury's desire to leave, the defendant's testimony at the sentencing hearing shows that he chose not to testify based upon his perception that his testimony would irritate the jury. He claims that this testimony indicates that he did not knowingly and intelligently waive his right to testify. Alternatively, he requests that we remand the case to the trial court in order to develop the record on this issue. The state contends that the defendant does not argue that he was not aware of his right to testify or that the trial court, the state, or his own counsel impeded his right to testify in any way. It states that the record is devoid of statements about the jury's demeanor that would corroborate the defendant's testimony. It notes that after both sides rested, the trial court suggested that counsel limit closing arguments because it sensed that the jury was getting restless. The state asserts that if the defendant chose not to testify because of concerns that the jury was becoming restless, he is responsible for that decision.

In <u>Momon</u>, our supreme court held that the Fifth and Fourteenth Amendments to the United

States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant's right to testify. Slip op. at 6. This right must be personally waived by the defendant. Slip op. at 13. In all cases tried or retried after Momon, the trial court must hold a jury-out hearing in order to establish that the defendant's waiver of the right to testify is knowing, voluntary, and intelligent. Slip op. at 14, 16. During this hearing, defense counsel's inquiry into the voluntariness of the defendant's waiver must show at a minimum that the defendant knows and understands that:

> (1) the defendant has the right not to testify, and if the defendant does not testify, then the jury (or court) may not draw any inferences from the defendant's failure to testify;
> (2) the defendant has the right to testify and that if the defendant wishes to exercise that right, no one can prevent the defendant from testifying;
> (3) the defendant has consulted with his or her counsel in making the decision whether or not to testify; that the defendant has been advised of the advantages and disadvantages of testifying; and that the defendant has voluntarily and personally waived the right to testify.

Slip op. at 14. This procedure is a prophylactic measure and does not establish a new constitutional rule that must be retroactively applied. Slip op. at 16. The failure to follow this procedure alone will not prove that the defendant was denied the right to testify if other evidence in the record reveals that the defendant personally waived the right. Slip op. at 16.

While the record in the present case does not contain the information required by the three-prong showing in Momon, the defendant was tried in July 1995, well before the supreme court mandated a jury-out hearing. See State v. Danny L. Evans, No. 02C01-9205-CR-00109, Shelby County (Tenn. Crim. App. Nov. 10, 1993) (holding that a jury-out hearing to determine whether the defendant wants to testify is not required by law); State v. Perry Riley, No. 01C01-9201-CR-00040, Wilson County (Tenn. Crim. App. Oct. 22, 1992) (holding that the trial court has no obligation to inquire whether the defendant knows of his right to testify); State v. Aubreyel B. Akbar, No. 46, Shelby County (Tenn. Crim. App. Apr. 6, 1988) (holding that a jury-out hearing on the defendant's decision to testify is discretionary). In any event, the defendant's testimony that he decided not to testify at trial because he was told that the jury was ready to go home does not indicate that his waiver was coerced. The defendant's testimony that he would have testified but for his belief that the jury wanted to go home indicates that he knew he could testify in his own behalf. The fact that the defendant based his decision on his perception that the jury would be irritated by prolonging the trial does not make that decision involuntary. Furthermore, we do not believe that remanding the case to the trial court for a hearing on the matter "for further development" of this issue is necessary.

In consideration of the foregoing and the record as a whole, we affirm the judgments of conviction.